IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG - 1 2014

David J. Bradley, Clerk of Court

| | |
|---|---|
| ADOLFO CORREA COSS,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE – EXECUTIVE OFFICE OF<br>UNITED STATES ATTORNEYS,<br>THROUGH ERIC H. HOLDER, JR.,<br>U.S. ATTORNEY GENERAL,<br>    Defendant. | §<br>§<br>§<br>§    Civil Action No. B: 14-139<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

On July 31, 2014, Plaintiff Adolfo Correa Coss filed a Freedom of Information Act ("FOIA") complaint against the Defendant United States Department of Justice – Executive Office of United States Attorneys. Dkt. No. 1.

"On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

The Fifth Circuit has stated that "an FOIA complaint properly may be filed in the district court of the district in which the records are maintained, in the court for the District of Columbia, or in the district in which the complainant, be he or she a citizen or alien, in fact resides." Arevalo-Franco v. U.S. I.N.S., 889 F.2d 589, 591 (5th Cir. 1989). The burden rests with the plaintiff to "demonstrat[e] the necessary jurisdictional facts." Id.

There have been no facts pled to indicate that the records that Coss seeks are maintained in the Southern District of Texas. Furthermore, there have been no facts pled to

show that Coss lives within the Southern District of Texas. There have been documents filed with the Court which indicate that Coss does not reside in the United States. Dkt. No. 1-1, p.1 (indicating that his place of residence is Michoacan, Mexico). Thus, the United States District Court for the District of Columbia would appear to be the proper venue for this case.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court may act sua sponte in ordering transfer pursuant to § 1404(a). Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir.1989).

The Court **ORDERS** this case be transferred to the United States District Court for the District of Columbia.

DONE at Brownsville, Texas, on August 1, 2014.

_____
Andrew S. Hanen
United States District Judge