**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ADOLFO CORREA COSS, | § § | |
| *Petitioner* | § § | Case No. 14-1326-JEB |
| v. | § § | Honorable J. Boasberg |
| UNITED STATES DEPARTMENT OF JUSTICE, et al, | § § § | |
| *Defendants* | § | |

### MOTION FOR SUMMARY JUDGMENT

I. **INTRODUCTION**

Plaintiff requests summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") and in conformance with Local Rule 7(h)(1). Plaintiff submits this motion to demonstrate to the court that there is no genuine issue of material fact on the claim(s) and that Plaintiff is entitled to summary judgment as a matter of law.

This motion is based upon and supported by the Plaintiff's exhibits demonstrating that he filed his Freedom of Information Act ("FOIA") request and appeals therefrom, exhausting his administrative remedies, and that the Agency failed to act in good faith, or in conformance with the FOIA in their responses, or lack thereof, to the Plaintiff.

## II.     RELEVANT FACTS

The facts recited in the Complaint are restated below with their original numbering left intact (footnotes are not in the original)—documentary evidence, where not already in the record, is submitted as exhibits to and in support of this motion.

It cannot be reasonably, or in good faith, disputed that the documentary evidence supports the elements of the Complaint and that summary judgment should be granted for the Plaintiff as a matter of law. The paragraphs to the Freedom Of Information Act Complaint are recited below. Evidence to prove that there is no genuine issue to any material fact is submitted as exhibits to this motion.

### A.     Freedom Of Information Act Complaint (Restated relevant facts)

4.     Adolfo Correa Coss is a former lawful permanent resident who claims to have been wrongfully convicted of a drug trafficking crime, *State of Illinois v. Adolfo Coss*, 89 CR 16050 (Cir. Cook County 1991)—Exhibit A;

5.     He learned the name of the alleged confidential informant (CI) against him who is currently incarcerated for his role in the international drug trade from Columbia to Chicago, IL and to Florida—Exhibit B;

6.     The record in the CI case indicates that the CI kept transaction records in notebooks, *US v. Salazar, et al.,* 89-CR-00531(ND IL 1992), *affirmed*, *U.S. v Nava-Salazar a/k/a*, 30 F.3d 788 (7th Cir. 1994)—Exhibit C;

7.     On July 17, 2013 the Plaintiff, has sought to obtain a copy of the identified record redacted to show only his name and no one else's information, the request was perfected on August 6, 2013 and again on August 16, 2013—the request was sent to two separate offices within the US Department of Justice both of which the US Attorney General heads: The Federal Bureau of Investigation (FBI)(acknowledgment July 30) and the U.S. Attorney's Office-Chicago (USAO) (acknowledgment July 31), which directed plaintiff to the Executive Office for US Attorneys(EOUSA) to which the perfected requests were sent—Exhibit D;

8.     The request was denied by the EOUSA for an alleged failure to identify a compelling public interest on September 13, 2013; all communications thereafter, other than the appeals, were with the EOUSA, not the FBI—Exhibit E;

9. The denial by the EOUSA was appealed to the Office of Information Policy within the USDOJ on September 14, 2013—Exhibit F;

10. In December 2013[1] the plaintiff filed an action to compel the agency to produce the documents alleging in part that "The CI has not responded to interrogatories, he will be released and removed from the US in February 2014, it is necessary that plaintiff obtains the record prior to the CI's release; the Plaintiff seeks FOIA relief through this Court.", *Hernandez et al. v. U.S.*, 1:13-cv-250 (S.D. TX *pending*)(plaintiff voluntarily withdrew his claim after the Magistrate questioned appropriateness of joinder) —Exhibit G;

11. On April 30, 2014 a notice of closure of the FOIA case was received for allegedly failing to respond to a December 31, 2013 notice of fee due—Exhibit H;

12. The denial was immediately appealed with a payment of the fee—Exhibit I;

13. Notice dated May 23, 2014 was received that the case was assigned a new number and was awaiting processing—Exhibit J;

14. Another notice was received dated May 30, 2014 assigning another number—Exhibit K;

15. The FOIA numbers associated with this case are FOIA-2014-02413; FOIA-2014-02336; 2013-3583 (ORACL-2014-02017); 2013-3003; and FBI FOIPA No. 1221635-000    —See prior Exhibits;

16. The Agency cannot justify exceeding the response times set by the FOIA;

17. The continued withholding of the information is injuring the Plaintiff and is inconsistent with the purpose and intent of the FOIA.

In response to the Complaint pending before this court and after a computer error in Attorney Dougherty's email responses to Defendant's counsel submitting documentary evidence of the delivery of the appeals, the Defendant stated that no record of Correa Coss' administrative appeals exist—Exhibit L. The fact that (2) two administrative appeals are absent from the records of the Department of Justice is troubling, at least.

---

[1] Amended to October 30, 2013—the response to the appeal dated October 25, 2013 had not been received at the time of filing, or if it was received it was considered nonresponsive as it placed the plaintiff back at the beginning of the FOIA line.

**III. CONCLUSION**

The evidence presented demonstrates that the facts and law cannot in good faith be disputed. The FOIA mandates certain acts to which the Agency has failed to adhere, instead requiring prepayment of fees when fees have not previously been paid late or exceed $250, with excessive delays in responding, or effectively no response as the responses to his appeals unlawfully placed him back at the beginning of the FOIA line. The agency also has asserted under oath that no FOIA Appeal was received, when in fact two were sent and delivery was confirmed. The prepaid fee check, paid with the appeal, was cashed by the agency. The Motion for Summary Judgment should be granted ordering the *in camera* viewing of the document by the Plaintiff's counsel to demonstrate that exculpatory evidence existed, as well as to find whether or not any of the investigators' names who were involved in his arrest were included in the document, either of which will provide him with the final evidence required to contest his conviction in the Cook County Court for the State of Illinois[2].

                            Respectfully submitted,

                            /s/ Thomas K. Ragland
                            *Attorney for Plaintiff*
                            Thomas K. Ragland
                            DC Bar No. 501021

                            Benach Ragland LLP
                            1333 H Street, NW, Suite 900 West
                            Washington, DC  20005
                            (202) 644-8600 (202) 644-8615 fax
                            tkragland@benachragland.com

---

[2] Plaintiff's counsel requests that the document be sent to the U.S. District Court for the Southern District of Texas for in camera viewing, so as to preserve the resources of all parties.

/s/ Marlene A. Dougherty
*Attorney for Plaintiff—Pro hac vice*
CT413716 Fed. Id. SDTX 38142 & CT20926

Law Office of Marlene A. Dougherty
314 E. 8th Street
Brownsville, TX 78520
mdimmigrationatty@sbcglobal.net
(956)542-7108 (956)542-7109 fax

## **CERTIFICATION OF SERVICE**

I, Marlene A. Dougherty, hereby certify that a copy of this motion, exhibits and brief were served on the Defendants by ECF filing.

/s/ Marlene A. Dougherty