EXHIBIT C

54       Although the defendants are being tried jointly, you must give separate consideration to each defendant. In doing so you must analyze what the evidence in the case shows with respect to each defendant, leaving out of consideration any evidence admitted solely against some other defendant or defendants. Each defendant is entitled to have his case decided on the evidence and the law applicable to him.

55       Where two or more persons are charged with the commission of a crime, ... you must give separate consideration to each individual defendant, and to each separate charge against him. Each defendant is entitled to have his case determined from his own conduct and from the evidence which may be applicable to him.

56       The instructions adequately explained the way in which the jury was to perform its functions and fully protected the defendants' rights. See United States v. Smith, 995 F.2d 662, 669-71 (7th Cir.1993), cert. denied, — U.S. —, 114 S.Ct. 718, 126 L.Ed.2d 683 (1994); United States v. Briscoe, 896 F.2d 1476, 1512-17 (7th Cir.), cert. denied, 498 U.S. 863, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990). Viewed as a whole, "as long as the instructions treat the issues fairly and adequately, they will not be interfered with on appeal." United States v. Strickland, 935 F.2d 822, 826 (7th Cir.), cert. denied, — U.S. —-, 112 S.Ct. 324, 116 L.Ed.2d 265 (1991). The instructions here met that standard.

### III.

57       All the appellants challenge the admission of the "drug records" seized from Casas' house. These records consisted of a personal telephone directory and a notebook, which contained names, telephone numbers, and records of drug transactions. The district court ruled that the records were "relevant to establish the existence of, and Casas participation in, the charged conspiracy." The court admitted these records as "tools of the trade" and, under Fed.R.Evid. 404(b) "to show motive, intent, preparation, plan and knowledge." The appellants contend that the drug records should have been excluded as irrelevant.

58       In United States v. Molinaro, 877 F.2d 1341 (7th Cir.1989), we upheld the admission of various drug paraphernalia (including a scale and folds for packaging cocaine) seized from the house of one of the conspirators. We stated that "there is no doubt that these items are commonly recognized 'tools of the trade' for narcotics distribution and therefore were relevant to proving the conspiracy to distribute charged in count one." Id. at 1345-46. In United States v. Adamo, 882 F.2d 1218, 1234 (7th Cir.1989) we similarly sustained the introduction of a scale found in a defendant's apartment because "it is commonly recognized, that a scale is a 'tool of the trade' for dealers of narcotics. Molinaro, at 1346. There can be no doubt that evidence of the scale found in Adamo's apartment was relevant in proving that he was a cocaine dealer and a vital member of the conspiracy to distribute cocaine in Peoria, Illinois. See id." Id. at 1234.

59       Although the drug records involved in this case were writings rather than physical objects, that did not make them any less tools of the trade. A large scale drug conspiracy such as that involved here cannot operate or function effectively unless detailed records relating to the drug operations are maintained. The records here were not hearsay, since they were not offered to prove the information they contained. Their significance was the fact that they existed, not the details of what they showed.

60       The district court correctly concluded that they were relevant to prove both the existence of the conspiracy itself and Casas' participation in it. Indeed, the clandestine nature of their storage--in an area above a trapdoor in Casas' bedroom closet—indicates the importance of the records to the conspiracy.